**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Eastern _____ District of New York

_____ (State)

Case number (*if known*): _____ Chapter **11**

CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF
NEW YORK
2025 APR 10  A 10: 59
RECEIVED

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | |
|---|---|
| 1. **Debtor's name** | RALEG MARCY GROUP INC |
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3. **Debtor's federal Employer Identification Number (EIN)** | 8 7 _ 2 6 8 9 2 1 4 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 300 Herkimer Street | |
| Number      Street | Number      Street |
| | P.O. Box |
| BROOKLYN      NY   11216 | |
| City      State   ZIP Code | City      State   ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| KINGS | |
| County | Number      Street |
| | |
| | City      State   ZIP Code |

5. **Debtor's website (URL)** _____

Debtor    **RALEG MARCY GROUP INC**                                    Case number (if known)_____
          _____
          Name

| | |
|---|---|
| **6.  Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | ☐ Partnership (excluding  LLP) |
| | ☐ Other. Specify: _____ |

| | |
|---|---|
| **7.  Describe debtor's business** | **A.** *Check one:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☑ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☐ None of the above |
| | |
| | **B.** *Check all that apply:* |
| | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | |
| | **C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | ___ ___ ___ ___ |

| | |
|---|---|
| **8.  Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
| | ☐ Chapter 7 |
| | ☐ Chapter 9 |
| | ☑ Chapter 11. *Check all that apply:* |
| | ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that). |
| | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11. |
| | ☐ A plan is being filed with this petition. |
| | ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A)* with this form. |
| | ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | ☐ Chapter 12 |

| | |
|---|---|
| **9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ☐ No |
| | ☑ Yes.  District  Eastern  District      When _____  Case number _____ |
| If more than 2 cases, attach a separate list. | MM / DD / YYYY |
| | District _____  When _____  Case number _____ |
| | MM / DD / YYYY |

| Debtor | RALEG MARCY GROUP INC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☑ No

☐ Yes. Debtor _____ Relationship _____

District _____ When ___ / ___ / _____
MM / DD / YYYY

Case number, if known _____

**11. Why is the case filed in this district?**

Check all that apply:

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

Why does the property need immediate attention? (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

Where is the property? 829 MARCY AVENUE
Number        Street

BROOKLYN                    NY    11216
City                        State ZIP Code

Is the property insured?

☐ No

☑ Yes. Insurance agency   IGI INSURANCE AGENCY

Contact name _____

Phone   718-627-4200

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

☐ Funds will be available for distribution to unsecured creditors.

☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

| Debtor | RALEG MARCY GROUP INC | Case number (if known) |
|--------|----------------------|------------------------|
|        | Name                 |                        |

| 15. Estimated assets | ☐ $0-$50,000 | ☑ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities | ☐ $0-$50,000 | ☑ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04/10/2025
              MM  / DD / YYYY

**✗** _[signature]_                                Andy Alege
Signature of authorized representative of debtor       Printed name

Title  President

**18. Signature of attorney**

**✗** _____              Date _____
Signature of attorney for debtor                    MM    / DD / YYYY

Printed name _____

Firm name _____

Number      Street _____

City _____    State _____  ZIP Code _____

Contact phone _____    Email address _____

Bar number _____    State _____

**Fill in this information to identify the case:**

Debtor name  RALEG MARCY GROUP INC

United States Bankruptcy Court for the:  Eastern _____ District of New York
                                                                                    (State)

Case number (If known):  _____

☐ Check if this is an
amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | NONE | NONE | NONE | NONE | | | |
| 2 | NONE | NONE | NONE | NONE | | | |
| 3 | NONE | NONE | NONE | NONE | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |

Debtor   RALEG MARCY GROUP INC
_____
Name

Case number (if known)_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | | | | | | |
| 10 | | | | | | |
| 11 | | | | | | |
| 12 | | | | | | |
| 13 | | | | | | |
| 14 | | | | | | |
| 15 | | | | | | |
| 16 | | | | | | |
| 17 | | | | | | |
| 18 | | | | | | |
| 19 | | | | | | |
| 20 | | | | | | |

**Fill in this information to identify the case:**

Debtor name ___RALEG MARCY GROUP INC___

United States Bankruptcy Court for the: ___Eastern___ District of ___New York___
                                                  (State)

Case number (if known): _____

☐ Check if this is an amended filing

## Official Form 206A/B

# Schedule A/B: Assets — Real and Personal Property     12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:   Cash and cash equivalents

**1. Does the debtor have any cash or cash equivalents?**

    ☑ No. Go to Part 2.
    ☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| **2. Cash on hand** | $_____ |

**3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1. _____ | _____ | ___ ___ ___ ___ | $_____ |
| 3.2. _____ | _____ | ___ ___ ___ ___ | $_____ |

**4. Other cash equivalents** *(Identify all)*

| 4.1. _____ | $_____ |
|---|---|
| 4.2. _____ | $_____ |

**5. Total of Part 1**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.     $_____

## Part 2:   Deposits and prepayments

**6. Does the debtor have any deposits or prepayments?**

    ☑ No. Go to Part 3.
    ☐ Yes. Fill in the information below.

                                                           Current value of debtor's interest

**7. Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

| 7.1. _____ | $_____ |
|---|---|
| 7.2. _____ | $_____ |

| Debtor | RALEG MARCY GROUP INC | Case number *(if known)*_____ |
|---|---|---|
| | Name | |

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1._____    $_____

8.2._____    $_____

**9. Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81.    $_____

---

| **Part 3:** | **Accounts receivable** |
|---|---|

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

Current value of debtor's interest

**11. Accounts receivable**

11a. 90 days old or less:    _____ – _____ = ........➔    $_____
face amount        doubtful or uncollectible accounts

11b. Over 90 days old:    _____ – _____ = ........➔    $_____
face amount        doubtful or uncollectible accounts

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.    $_____

---

| **Part 4:** | **Investments** |
|---|---|

**13. Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

**14. Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

14.1. _____    _____    $_____

14.2. _____    _____    $_____

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                                    % of ownership:

15.1._____    _____%    _____    $_____

15.2._____    _____%    _____    $_____

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

16.1._____    _____    $_____

16.2._____    _____    $_____

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.    $_____

---

Debtor    __RALEG MARCY GROUP INC_____    Case number (if known)_____
          Name

## Part 5:  Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| **20. Work in progress** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| **21. Finished goods, including goods held for resale** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |
| **22. Other inventory or supplies** | | | | |
| _____ | _____ MM / DD / YYYY | $_____ | _____ | $_____ |

23. **Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.

$_____

24. **Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value _____    Valuation method_____    Current value_____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 6:  Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| _____ | $_____ | _____ | $_____ |
| **29. Farm animals** *Examples*: Livestock, poultry, farm-raised fish | | | |
| _____ | $_____ | _____ | $_____ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| _____ | $_____ | _____ | $_____ |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $_____ | _____ | $_____ |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | $_____ | _____ | $_____ |

Debtor    RALEG MARCY GROUP INC
          _____        Case number *(if known)*_____
          Name

33. **Total of Part 6.**

    Add lines 28 through 32. Copy the total to line 85.                    $_____

34. **Is the debtor a member of an agricultural cooperative?**

    ☐ No

    ☐ Yes. Is any of the debtor's property stored at the cooperative?

    　　☐ No

    　　☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

    ☐ No

    ☐ Yes. Book value $_____ Valuation method _____ Current value $_____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

    ☐ No

    ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

    ☐ No

    ☐ Yes

---

| **Part 7:** | **Office furniture, fixtures, and equipment; and collectibles** |
|---|---|

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

    ☑ No. Go to Part 8.

    ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | | | |
| _____ | $_____ | _____ | $_____ |
| 40. **Office fixtures** | | | |
| _____ | $_____ | _____ | $_____ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| _____ | $_____ | _____ | $_____ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1_____ | $_____ | _____ | $_____ |
| 42.2_____ | $_____ | _____ | $_____ |
| 42.3_____ | $_____ | _____ | $_____ |

43. **Total of Part 7.**

    Add lines 39 through 42. Copy the total to line 86.                   $_____

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

    ☐ No

    ☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

    ☐ No

    ☐ Yes

Debtor    **RALEG MARCY GROUP INC**
_____
Name

Case number (if known)_____

---

**Part 8:    Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47.  Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| 47.1_____ | $_____ | _____ | $_____ |
| 47.2_____ | $_____ | _____ | $_____ |
| 47.3_____ | $_____ | _____ | $_____ |
| 47.4_____ | $_____ | _____ | $_____ |
| **48.  Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| 48.1_____ | $_____ | _____ | $_____ |
| 48.2_____ | $_____ | _____ | $_____ |
| **49.  Aircraft and accessories** | | | |
| 49.1_____ | $_____ | _____ | $_____ |
| 49.2_____ | $_____ | _____ | $_____ |
| **50.  Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| _____ | $_____ | _____ | $_____ |

51. **Total of Part 8.**
    Add lines 47 through 50. Copy the total to line 87.

    $_____

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
    ☐ No
    ☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
    ☐ No
    ☐ Yes

Debtor    **RALEGMARCY GROUP INC**
_____
Name

Case number (if known)_____

**54. Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☑ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 829 MARCY AVENUE BROOKLYN | FEE | $ 2,000,000.00 | Broker Assestment | $ **1,392,400.00** |
| 55.2_____ | _____ | $_____ | _____ | $_____ |
| 55.3_____ | _____ | $_____ | _____ | $_____ |
| 55.4_____ | _____ | $_____ | _____ | $_____ |
| 55.5_____ | _____ | $_____ | _____ | $_____ |
| 55.6_____ | _____ | $_____ | _____ | $_____ |

**56. Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ 1,392,400.00

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☑ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

**59. Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets**<br>_____ | $_____ | _____ | $_____ |
| **61. Internet domain names and websites**<br>_____ | $_____ | _____ | $_____ |
| **62. Licenses, franchises, and royalties**<br>_____ | $_____ | _____ | $_____ |
| **63. Customer lists, mailing lists, or other compilations**<br>_____ | $_____ | _____ | $_____ |
| **64. Other intangibles, or intellectual property**<br>_____ | $_____ | _____ | $_____ |
| **65. Goodwill**<br>_____ | $_____ | _____ | $_____ |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$_____

Debtor     RALEG MARCY GROUP INC
           _____          Case number (if known)_____
           Name

67. **Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?**
☑ No
☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
☑ No
☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
☑ No
☐ Yes

### Part 11:   All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑ No. Go to Part 12.
☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

71. **Notes receivable**
Description (include name of obligor)
_____     _____ – _____ = ➔   $_____
                             Total face amount   doubtful or uncollectible amount

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

| | Tax year _____ | $_____ |
| | Tax year _____ | $_____ |
| | Tax year _____ | $_____ |

73. **Interests in insurance policies or annuities**

_____      $_____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

_____      $_____

Nature of claim     _____
Amount requested    $_____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

_____      $_____

Nature of claim     _____
Amount requested    $_____

76. **Trusts, equitable or future interests in property**

_____      $_____

77. **Other property of any kind not already listed** *Examples:* Season tickets, country club membership

_____      $_____
_____      $_____

78. **Total of Part 11.**
Add lines 71 through 77. Copy the total to line 90.     $_____

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☑ No
☐ Yes

Debtor    RALEG MARCY GROUP INC
          ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾          Case number (if known)‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
          Name

| **Part 12:** | **Summary** |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ -0.00- | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ -0.00- | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ -0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ -0.00- | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ -0.00- | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ -0.00- | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ -0.00- | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ -0.00- | |
| 88. **Real property.** *Copy line 56, Part 9.* .................➤ | | $ 2,000,000.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ -0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $ -0.00- | |
| 91. **Total.** Add lines 80 through 90 for each column............................ 91a. | $ -0.00 | + 91b. $ 2,000,000.00 |

92. **Total of all property on Schedule A/B.**  Lines 91a + 91b = 92. ................................................................    $ 2,000,000.00

**Fill in this information to identify the case:**

Debtor name    RALEG MARCY GROUP INC

United States Bankruptcy Court for the:   Eastern     District of   New York
                                                   (State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible.

1. **Do any creditors have claims secured by debtor's property?**
   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

**Part 1:   List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim |
|---|---|---|

**2.1**   Creditor's name
WILMINGTON SAVINGS FUND SOCITY

Creditor's mailing address
**90 PARK AVENU FLOOR 23**
NEW YORK NY 10016

Creditor's email address, if known

Date debt was incurred   05/04/2022

Last 4 digits of account number   __ __ __ __

Do multiple creditors have an interest in the same property?
☐ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.
_____
_____

Describe debtor's property that is subject to a lien
829 MARCY AVENUE
Brooklyn New York. 11216

Describe the lien

Is the creditor an insider or related party?
☐ No
☐ Yes

Is anyone else liable on this claim?
☐ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$ 1,392,400.00     $ 2,000,000.00

**2.2**   Creditor's name

Creditor's mailing address

Creditor's email address, if known

Date debt was incurred

Last 4 digits of account number   __ __ __ __

Do multiple creditors have an interest in the same property?
☐ No
☐ Yes. Have you already specified the relative priority?
    ☐ No. Specify each creditor, including this creditor, and its relative priority.
       _____
       _____
    ☐ Yes. The relative priority of creditors is specified on lines ____

Describe debtor's property that is subject to a lien

Describe the lien

Is the creditor an insider or related party?
☐ No
☐ Yes

Is anyone else liable on this claim?
☐ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

As of the petition filing date, the claim is:
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

$_____     $_____

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**     $_____

Debtor ___RALEG MARCY GROUP INC_____     Case number (if known)_____
　　　　　　Name

| Part 1: | Additional Page | Column A<br>**Amount of claim**<br>Do not deduct the value<br>of collateral. | Column B<br>**Value of collateral**<br>that supports this<br>claim |

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

**2._**  **Creditor's name**

_____

**Creditor's mailing address**

_____
_____

**Creditor's email address, if known**

_____

**Date debt was incurred**   _____

**Last 4 digits of account number**   __ __ __ __

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Have you already specified the relative priority?
　　☐ No. Specify each creditor, including this creditor, and its relative priority.
　　　　_____
　　　　_____
　　　　_____
　　☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

_____        $_____    $_____
_____

**Describe the lien**

_____

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**2._**  **Creditor's name**

_____

**Creditor's mailing address**

_____
_____

**Creditor's email address, if known**

_____

**Date debt was incurred**   _____

**Last 4 digits of account number**   __ __ __ __

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Have you already specified the relative priority?
　　☐ No. Specify each creditor, including this creditor, and its relative priority.
　　　　_____
　　　　_____
　　　　_____
　　☐ Yes. The relative priority of creditors is specified on lines _____

**Describe debtor's property that is subject to a lien**

_____        $_____    $_____
_____

**Describe the lien**

_____

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Debtor    **RALEEG MARCY GROUP INC**

Case number *(if known)* _____

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |
| | Line 2. __ | __ __ __ __ |

**Fill in this information to identify the case and this filing:**

Debtor Name **RALEG MARCY GROUP INC**

United States Bankruptcy Court for the: **Eastern** _____ District of **New York**
(State)

Case number (If known): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **04/10/2025**          ✗ _____
MM / DD / YYYY                          Signature of individual signing on behalf of debtor

**Andy Alege**
Printed name

**President**
Position or relationship to debtor

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
www.nyeb.uscourts.gov

**STATEMENT PURSUANT TO LOCAL**
**BANKRUPTCY RULE 1073-2(b)**

DEBTOR(S):   RALEG MARCY GROUP INC                              CASE NO.:_____

Pursuant to Local Bankruptcy Rule 1073-2(b), the debtor (or any other petitioner) hereby makes the following disclosure concerning Related Cases, to the petitioner's best knowledge, information and belief:

[NOTE: Cases shall be deemed "Related Cases" for purposes E.D.N.Y LBR 1073-1 and E.D.N.Y LBR 1073-2 if the earlier case was pending at any time within eight years before the filing of the new petition, and the debtors in such cases (i) are the same; (ii) are spouses or ex-spouses; (iii) are affiliates, as defined in 11 U.S.C. § 101(2); (iv) are general partners in the same partnership; (v) are a partnership and one more of its general partners; (vi) are partnerships which share one or more common general partners; or (vii) have, or within 180 days of the commencement of either of the Related Cases had, an interest in property that was or is included in the property of another estate under 11 U.S.C. § 541(a).]

[✓] **NO ORDER BARRING DEBTOR FROM FILING A PETITION UNDER ANY CHAPTER IS IN EFFECT.**

[✓] **NO RELATED CASE IS PENDING OR HAS BEEN PENDING AT ANY TIME.**

[ ] **THE FOLLOWING RELATED CASE(S) IS PENDING OR HAS BEEN PENDING:**

1.  CASE NO.:_____ JUDGE:_____ DISTRICT/DIVISION:_____

    CASE PENDING: (YES/NO):_____ [*If closed*] Date of Closing:_____

    CURRENT STATUS OF RELATED CASE:_____
    	(Discharged/awaiting discharge, confirmed, dismissed, etc.)

    	MANNER IN WHICH CASES ARE RELATED: (*Refer to NOTE above*):_____

- SCHEDULE A/B: PROPERTY "OFFICIAL FORM 106A/B - <u>INDIVIDUAL</u>" PART 1 (REAL PROPERTY):
    REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 1" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF RELATED CASES:_____

- SCHEDULE A/B: ASSETS – REAL PROPERTY "OFFICIAL FORM 206A/B - <u>NON-INDIVIDUAL</u>" PART 9 (REAL PROPERTY):
    REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 9" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF RELATED CASES:_____

2.  CASE NO.:_____ JUDGE:_____ DISTRICT/DIVISION:_____

    CASE PENDING: (YES/NO):_____ [*If closed*] Date of Closing:_____

    CURRENT STATUS OF RELATED CASE:_____
    	(Discharged/awaiting discharge, confirmed, dismissed, etc.)

    	MANNER IN WHICH CASES ARE RELATED: (*Refer to NOTE above*):_____

- SCHEDULE A/B: PROPERTY "OFFICIAL FORM 106A/B - <u>INDIVIDUAL</u>" PART 1 (REAL PROPERTY):
    REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 1" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF RELATED CASES:_____

- SCHEDULE A/B: ASSETS – REAL PROPERTY "OFFICIAL FORM 206A/B - <u>NON-INDIVIDUAL</u>" PART 9 (REAL PROPERTY):
    REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 9" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF RELATED CASES:_____

**[OVER]**

DISCLOSURE OF RELATED CASES (cont'd)

3.  CASE NO.: _____ JUDGE: _____ DISTRICT/DIVISION: _____

CASE PENDING: (YES/NO): _____ [*If closed*] Date of Closing: _____

CURRENT STATUS OF RELATED CASE: _____
(Discharged/awaiting discharge, confirmed, dismissed, etc.)

MANNER IN WHICH CASES ARE RELATED: (*Refer to NOTE above*): _____

- **SCHEDULE A/B: PROPERTY "OFFICIAL FORM 106A/B - INDIVIDUAL" PART 1 (REAL PROPERTY):**
  REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 1" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF
  RELATED CASES: _____

- **SCHEDULE A/B: ASSETS – REAL PROPERTY "OFFICIAL FORM 206A/B - NON-INDIVIDUAL" PART 9 (REAL PROPERTY):**
  REAL PROPERTY AS LISTED IN DEBTOR'S SCHEDULE "A/B – PART 9" WHICH WAS ALSO LISTED IN SCHEDULE "A/B" OF
  RELATED CASES:_____

NOTE: Pursuant to 11 U.S.C. § 109(g), certain individuals who have had prior cases dismissed within the preceding 180 days may not
be eligible to be debtors. Such an individual will be required to file a statement in support of his/her eligibility to file.

TO BE COMPLETED BY DEBTOR/PETITIONER'S ATTORNEY, AS APPLICABLE:

I am admitted to practice in the Eastern District of New York (Y/N): _____

CERTIFICATION (to be signed by pro-se debtor/petitioner or debtor/petitioner's attorney, as applicable):

I certify under penalty of perjury that:
- The within bankruptcy case is not related to any case pending, or pending within the last eight years, except as
  indicated on this form.
- I, the above-named debtor, am currently not barred by any order of this court from filing for bankruptcy.

_____
Signature of Debtor's Attorney

_____
Signature of Pro-se Debtor/Petitioner

**300 HEERKIMER ST**
Mailing Address of Debtor/Petitioner

**BROOKLYN NEW YORK 11216**
City, State, Zip Code

_____
Email Address

_____
Area Code and Telephone Number

Failure to fully and truthfully provide all information required by the E.D.N.Y. LBR 1073-2 Statement may subject the debtor or any
other petitioner and their attorney to appropriate sanctions, including without limitation conversion, the appointment of a trustee or
the dismissal of the case with prejudice.

NOTE: Any change in address must be reported to the Court immediately IN WRITING. Dismissal of your petition may otherwise
result.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

Chapter 11

Case No: _____

□ _____ X

IN RE: RALEG MARCY GROUP INC

Debtor

□ _____ X

CORPORATE DISCLOSURE STATEMENT
PURSUANT TO E.D.N.Y LBR 1073-3

I, Ronald Fraser, under penalty of perjury state as follows:

1.    I am the President of the Debtor in the above captioned matter.

2.    There are no corporate entities that own, directly or indirectly, 10% or more of any class of the Debtor's equity interests.

3.    I declare under penalty of perjury that I have read the foregoing statements and that they are true and accurate to the best of my knowledge, information and belief.

Dated: April 10, 2025

Andy Alege
President
RALEG MARCY GROUP INC    (Debtor)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
————————————————————————X

Chapter 11

IN RE: RALEG MARCY GROUP INC

Case No: _____

Debtor
————————————————————————X

### CORPORATE RESOLUTION TO FILE CHAPTER 11

Whereas, it is in the best interest of the RALEG MARCY GROUP INC., (the "Company") to file a voluntary petition in the United States Bankruptcy Court pursuant to chapter 11 of Title 11 of the United states Code;

Be it Therefore Resolved, that Andy Alege, President of the company is authorized and directed to execute and deliver all documents necessary to complete the filing of a chapter 11 voluntary bankruptcy case on behalf of the Company; and

Be It Further Resolved, that Andy Alege, President of the Company, is authorized and directed to appear in all bankruptcy proceedings on behalf of the Company, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the Company in connection with such bankruptcy case; and

Dated: April 10, 2025

_____
Anay Alege. President

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

Chapter 11

□ _____ X

Case No: _____

IN RE: RALEG MARCY GROUP INC

Debtor

□ _____ X

## VERIFICATION OF CREDITOR MATRIX / LIST OF CREDITORS

The undersigned Debtor hereby verifies that the Creditor Matrix/List of Creditors herein submitted herein is true and correct to the best of his or her knowledge.

Dated: April 10, 2025

RALEG MARCY GROUP INC  (Debtor)

By:      Andy Alege
Title:   President

CREDITOR MATRIX

1: WILMINGTON SAVINGS FUND SOCIETY
   90 Park Avenue Floor 23
   New York NY 10016

2: NADA ELTAYAR
   446 Kent Avenue Apt# 8C
   Brooklyn New York 11249

# NEW YORK STATE DEPARTMENT OF STATE
## DIVISION OF CORPORATIONS, STATE RECORDS AND UNIFORM COMMERCIAL CODE
## FILING RECEIPT

| | |
|---|---|
| **ENTITY NAME :** | RALEG MARCY GROUP INC. |
| **DOCUMENT TYPE :** | CERTIFICATE OF INCORPORATION |
| **ENTITY TYPE :** | DOMESTIC BUSINESS CORPORATION |

| | |
|---|---|
| **DOS ID :** | 6279529 |
| **FILE DATE :** | 09/13/2021 |
| **FILE NUMBER :** | 210913002379 |
| **TRANSACTION NUMBER :** | 202109130002382-197065 |
| **EXISTENCE DATE :** | 09/13/2021 |
| **DURATION/DISSOLUTION :** | PERPETUAL |
| **COUNTY :** | KINGS |

| | |
|---|---|
| **SERVICE OF PROCESS ADDRESS :** | THE CORPORATION<br>45 MAIN STREET SUITE 518,<br>BROOKLYN, NY, 11201, USA |
| **FILER :** | VCORP SERVICES, LLC<br>25 ROBERT PITT DR., SUITE 204<br>MONSEY, NY, 10952, USA |
| **SERVICE COMPANY :** | VCORP SERVICES, LLC |
| **SERVICE COMPANY ACCOUNT :** | HD |
| **CUSTOMER REFERENCE :** | 30884347 |

| | |
|---|---|
| *You may verfiy this document online at :* | *http://ecorp.dos.ny.gov* |
| **AUTHENTICATION NUMBER :** | 100000350398 |

| | | | |
|---|---|---|---|
| TOTAL FEES: | $130.00 | TOTAL PAYMENTS RECEIVED: | $130.00 |
| FILING FEE: | $125.00 | CASH: | $0.00 |
| CERTIFICATE OF STATUS: | $0.00 | CHECK/MONEY ORDER: | $0.00 |
| CERTIFIED COPY: | $0.00 | CREDIT CARD: | $0.00 |
| COPY REQUEST: | $5.00 | DRAWDOWN ACCOUNT: | $130.00 |
| EXPEDITED HANDLING: | $0.00 | REFUND DUE: | $0.00 |

## CERTIFICATE OF INCORPORATION
### OF
### RALEG MARCY GROUP INC.
#### Under Section 402 of the Business Corporation Law

**FIRST:**  The Name of the corporation is: **RALEG MARCY GROUP INC.**

**SECOND:**  This corporation is formed to engage in any lawful act or activity for which a corporation may be organized under the Business Corporation Law, provided that it is not formed to engage in any act or activity requiring the consent or approval of any state official, department, board, agency or other body without such consent or approval first being obtained.

**THIRD:**  The county, within this state, in which the office of the corporation is to be located is **KINGS**

**FOURTH:**  The total number and value of shares of common stock which the corporation shall have authority to issue is **200 SHARES WITH NO PAR VALUE**

**FIFTH:**  The Secretary of State is designated as agent of the corporation upon whom process against it may be served. The address within or without this state to which the Secretary of State shall mail a copy of any process against the corporation served upon him or her is:
**THE CORPORATION**
**45 MAIN STREET SUITE 518**
**BROOKLYN, NY 11201**

I certify that I have read the above statements, I am authorized to sign this Certificate of Incorporation, that the above statements are true and correct to the best of my knowledge and belief and that my signature typed below constitutes my signature.

**TAYLOR LOLYA** (Signature)
-----------------------------------------------------

**TAYLOR LOLYA, INCORPORATOR**
**25 ROBERT PITT DR.**
**SUITE 204**
**MONSEY, NY 10952**

Filed by:

**VCORP SERVICES, LLC**
**25 ROBERT PITT DR.**
**SUITE 204**

Filed with the NYS Department of State on 09/13/2021
Filing Number: 210913002379 DOS ID: 6279529

**MONSEY, NY 10952**

Filed with the NYS Department of State on 09/13/2021
Filing Number: 210913002379 DOS ID: 6279529


**IRS** DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
CINCINNATI  OH   45999-0023

Date of this notice:  09-17-2021

Employer Identification Number:
87-2689214

Form:  SS-4

Number of this notice:  CP 575 A

RALEG MARCY GROUP INC
45 MAIN STREET SUITE 518
BROOKLYN, NY  11201

For assistance you may call us at:
1-800-829-4933

IF YOU WRITE, ATTACH THE
STUB AT THE END OF THIS NOTICE.

## WE ASSIGNED YOU AN EMPLOYER IDENTIFICATION NUMBER

Thank you for applying for an Employer Identification Number (EIN).  We assigned you EIN 87-2689214.  This EIN will identify you, your business accounts, tax returns, and documents, even if you have no employees.  Please keep this notice in your permanent records.

When filing tax documents, payments, and related correspondence, it is very important that you use your EIN and complete name and address exactly as shown above.  Any variation may cause a delay in processing, result in incorrect information in your account, or even cause you to be assigned more than one EIN.  If the information is not correct as shown above, please make the correction using the attached tear off stub and return it to us.

Based on the information received from you or your representative, you must file the following form(s) by the date(s) shown.

              Form 1120                          04/15/2022

If you have questions about the form(s) or the due date(s) shown, you can call us at the phone number or write to us at the address shown at the top of this notice.  If you need help in determining your annual accounting period (tax year), see Publication 538, *Accounting Periods and Methods*.

We assigned you a tax classification based on information obtained from you or your representative.  It is not a legal determination of your tax classification, and is not binding on the IRS.  If you want a legal determination of your tax classification, you may request a private letter ruling from the IRS under the guidelines in Revenue Procedure 2004-1, 2004-1 I.R.B. 1 (or superseding Revenue Procedure for the year at issue).  Note: Certain tax classification elections can be requested by filing Form 8832, *Entity Classification Election*.  See Form 8832 and its instructions for additional information.

**IMPORTANT INFORMATION FOR S CORPORATION ELECTION:**

If you intend to elect to file your return as a small business corporation, an election to file a Form 1120-S must be made within certain timeframes and the corporation must meet certain tests.  All of this information is included in the instructions for Form 2553, *Election by a Small Business Corporation*.

(IRS USE ONLY)      575A            09-17-2021   RALE   B   9999999999   SS-4

    If you are required to deposit for employment taxes (Forms 941, 943, 940, 944, 945,
CT-1, or 1042), excise taxes (Form 720), or income taxes (Form 1120), you will receive a
Welcome Package shortly, which includes instructions for making your deposits
electronically through the Electronic Federal Tax Payment System (EFTPS).  A Personal
Identification Number (PIN) for EFTPS will also be sent to you under separate cover.
Please activate the PIN once you receive it, even if you have requested the services of a
tax professional or representative.  For more information about EFTPS, refer to
Publication 966, *Electronic Choices to Pay All Your Federal Taxes*.  If you need to
make a deposit immediately, you will need to make arrangements with your Financial
Institution to complete a wire transfer.

    The IRS is committed to helping all taxpayers comply with their tax filing
obligations.  If you need help completing your returns or meeting your tax obligations,
Authorized e-file Providers, such as Reporting Agents (payroll service providers) are
available to assist you.  Visit the IRS Web site at www.irs.gov for a list of companies
that offer IRS e-file for business products and services.  The list provides addresses,
telephone numbers, and links to their Web sites.

    To obtain tax forms and publications, including those referenced in this notice,
visit our Web site at www.irs.gov.  If you do not have access to the Internet, call
1-800-829-3676 (TTY/TDD 1-800-829-4059) or visit your local IRS office.

**IMPORTANT REMINDERS:**

*   Keep a copy of this notice in your permanent records.  **This notice is issued only
    one time and the IRS will not be able to generate a duplicate copy for you.**  You
    may give a copy of this document to anyone asking for proof of your EIN.

*   Use this EIN and your name exactly as they appear at the top of this notice on all
    your federal tax forms.

*   Refer to this EIN on your tax-related correspondence and documents.

    If you have questions about your EIN, you can call us at the phone number or write to
us at the address shown at the top of this notice.  If you write, please tear off the stub
at the bottom of this notice and send it along with your letter.  If you do not need to
write us, do not complete and return the stub.

    Your name control associated with this EIN is RALE.  You will need to provide this
information, along with your EIN, if you file your returns electronically.

    Thank you for your cooperation.

(IRS USE ONLY)    575A              09-17-2021  RALE  B  9999999999  SS-4

Keep this part for your records.        CP 575 A (Rev. 7-2007)

-------------------------------------------------------------------------------------

Return this part with any correspondence
so we may identify your account.  Please              CP 575 A
correct any errors in your name or address.

                                                     9999999999

Your Telephone Number  Best Time to Call   DATE OF THIS NOTICE:  09-17-2021
(     )     -                              EMPLOYER IDENTIFICATION NUMBER:  87-2689214
_____  _____     FORM:  SS-4              NOBOD


INTERNAL REVENUE SERVICE                   RALEG MARCY GROUP INC
CINCINNATI  OH  45999-0023                 45 MAIN STREET SUITE 518
 blduldululululululululululululul          BROOKLYN, NY  11201

## RESOLUTIONS ADOPTED BY THE INCORPORATOR
### OF
## RALEG MARCY GROUP INC.

The Undersigned, being the sole Incorporator of RALEG MARCY GROUP INC., a New York Corporation (the "Corporation") hereby adopts the following resolutions:

(1) RESOLVED, that a copy of the Certificate of Incorporation of the Corporation, together with the original receipt showing payment of the statutory organization tax and filing fee, be inserted in the Minute Book of the Corporation.

(2) RESOLVED, that the following person(s) be, and he hereby is/are, elected as Director(s) of the Corporation, to serve until the first annual meeting of shareholders, and until their successors are elected and qualify:

ANDY ALEGE, 45 MAIN STREET SUITE 518, Brooklyn NY  11201

(3) FURTHER RESOLVED, that the undersigned hereby resigns as incorporator and terminates any and all involvement relative to any and all business activities of the Corporation.

Dated:

_____

Taylor Lolya, Incorporator

---

### RESOLUTIONS ADOPTED BY THE DIRECTOR(S)
### OF
### RALEG MARCY GROUP INC.

---

The undersigned, being the Directors of the above corporation hereby adopt the following resolution.

(1) RESOLVED, that all actions heretofore taken by the Incorporator of the Corporation are adopted, ratified and confirmed by the Director.

(2) RESOLVED, that the form of Bylaws submitted to this meeting be, and they are hereby adopted as the Bylaws of the Corporation.

(3) RESOLVED, that the following person(s) are elected to the office(s) set opposite his/her name, to assume the duties and responsibilities fixed by the Bylaws or by the undersigned as the Director(s) of the Corporation:

President:          ANDY ALEGE _____

Vice- President:    _____    _____

Treasurer:          _____    _____

Secretary:          _____    _____

(4) RESOLVED, that the form of seal, an impression of which is hereto affixed in the margin of these minutes, is hereby adopted as the corporate seal of this corporation.

(5) RESOLVED, that the specimen form of certificate if hereby approved and adopted as the certificate representing the shares of this corporation.

(6) RESOLVED, that the corporation proceed to carry on the business for which it was incorporated.

_____
ANDY ALEGE, Director

<div style="border:1px solid">

# BY-LAWS
## OF
### RALEG MARCY GROUP INC.

</div>

## ARTICLE I        *OFFICES*

The principal office of the corporation shall be located at 45 Main Street, Brooklyn New York 11201.

## ARTICLE II        *SHAREHOLDERS*

### SECTION 1 *ANNUAL MEETINGS*
The annual meeting of the shareholders shall be held on the First Tuesday of the month of

January in each year, beginning with the year _____2022_____, at the hour of 10 o'clock a.m. for the purpose of electing Directors and for the transaction of such other business as may come before the meeting. If the day fixed for the annual meeting shall be a legal holiday in the State of New York, such meeting shall be held on the next succeeding business day. If the election of Directors shall not be held on the day designated herein for any annual meeting of the shareholders, or at any adjournment thereof, the Board of Directors shall cause the election to be held at a special meeting of the shareholders as soon thereafter as conveniently may be.

### SECTION 2 *SPECIAL MEETINGS*
Special meetings of the shareholders, for any purpose or purposes, unless otherwise prescribed by statute, may be called by the President or by the Board of Directors and shall be called by the President at the request of the holders if not less than one-tenth of all the outstanding shares of the corporation entitled to vote are at the meeting.

### SECTION 3 *PLACE OF MEETING*
The Board of Directors may designate any place, either within or without the State of «State», as the place of meeting for any annual or special meeting of shareholders. If no designation is made, the place of meeting shall be the principal office of the corporation.

### SECTION 4 NOTICE OF MEETING
Written or printed notice stating the place, day and hour of the meeting and, in case of a special meeting, the purpose or purposes for which the meeting is called, shall be delivered not less than ten or more than fifty days before the date of the meeting, either personally or by mail, by or at the direction of the President, or the Secretary, or the officer or persons calling the meeting, to each shareholder of record entitled to vote at such meeting. If mailed, such notice shall be deemed to be delivered when deposited in the United States mail, addressed to the shareholder at the Shareholder's address as it appears on the stock transfer books of the corporation, with postage thereon prepaid.

### SECTION 5 *QUORUM*
A majority of the outstanding shares of the corporation entitled to vote, represented in person or by proxy, shall constitute a quorum at a meeting of shareholders. If less than a majority of

the outstanding shares are represented at a meeting, a majority of the shares so represented may adjourn the meeting from time to time without further notice. At such adjourned meeting at which a quorum shall be present or represented, any business may be transacted which might have been transacted at the meeting as originally notified.

SECTION 6 *PROXIES*
At all meetings of shareholders, a shareholder may vote by proxy executed in writing by the shareholder or by the Shareholder's duly authorized attorney in fact. Such proxy shall be filed with the Secretary of the corporation before or at the time of the meeting. No proxy shall be valid after eleven months from the date of its execution, unless otherwise provided in the proxy.

SECTION 7 *VOTING OF SHARE*
Subject to the provisions of Section 9, each outstanding share entitled to vote shall be entitled to one vote upon each matter submitted to a vote at a meeting of shareholders.

SECTION 8 *PREEMPTIVE RIGHTS*
Each holder of shares in this corporation shall have the first right to purchase shares (and securities convertible into shares) of this corporation that may be from time to time issued (whether or not presently authorized), including shares from the treasury of this corporation, in the ratio that the number of shares held by said holder at the time of issue bears to the total number of shares outstanding, exclusive of treasury shares. This right shall be deemed waived by any shareholder who does not exercise it and pays for the shares preempted within thirty (30) days of receipt of a notice in writing from the corporation stating the prices, terms and conditions of the issue of shares and inviting said holder to exercise his preemptive rights.

SECTION 9 *CUMULATIVE VOTING*
Every shareholder entitled to vote at each election of Directors shall have the right to accumulate their votes by giving one candidate as many votes as the number of the Directors to be elected multiplied by the number of their shares shall equal, or by distributing such votes on the same principal among any number of such candidates.

SECTION 10 *INFORMAL ACTION BY SHAREHOLDER*
Any action required to be taken at a meeting of the shareholders, or any other action which may be taken at a meeting of the shareholders, may be taken without a meeting of a consent in writing, setting forth the action so taken, shall be signed by all of the shareholders entitled to vote with respect to the subject matter thereof.

## ARTICLE III *BOARD OF DIRECTORS*

SECTION 1 *GENERAL POWERS*
The business and affairs of the corporation shall be managed by its Board of Directors.

SECTION 2 *NUMBER, TENURE, AND QUALIFICATIONS*
The number of Directors of the corporation shall be at least two but not more than seven. Each director shall hold office until the next annual meeting of shareholders and until the Director's successor shall have been elected and qualified.

SECTION 3 *REGULAR MEETINGS*
A regular meeting of the Board of Directors shall be held without other notice than this by-law immediately after, and at the same place as, the annual meeting of shareholders. The Board of Directors may provide, by resolution, the time and place, either within or without the State of «State», for the holding of additional regular meetings without other notice than such resolution.

SECTION 4 *SPECIAL MEETINGS*
Special meetings of the Board of Directors may be called by or at the request of the President or any two Directors. The person or persons authorized to call special meetings of the Board of Directors may fix any place either within or without the State of «State», as the place for holding any special meeting of the Board of Directors called by them.

SECTION 5 *NOTICE*
Notice of any special meeting shall be given at least four days previously thereto by written notice delivered personally or mailed to each Director at their customary business address. If mailed, such notice shall be deemed to be delivered when deposited in the United States Mail so addressed, with postage thereon prepaid. Any Director may waive notice of any meeting. The attendance of a Director at a meeting shall constitute a waiver of notice of such meeting, except where a Director attends a meeting for the express purpose of objecting to the transaction of any business because the meeting is not lawfully called or convened. Neither the business to be transacted at, nor the purpose of, any regular or special meeting of the Board of Directors need be specified in the notice or waiver of notice of such meeting.

SECTION 6 *QUORUM*
A majority of the number of Directors fixed by Section 2 of this Article III shall constitute a quorum for the transaction of business at any meeting of the Board of Directors, but if less than such majority is present at a meeting, a majority of the Directors present may adjourn the meeting from time to time without further notice.

SECTION 7 *MANNER OF ACTING*
The act of the majority of the Directors present at a meeting at which a quorum is present shall be the act of the Board of Directors.

SECTION 8 *VACANCIES*
Any vacancy occurring in the Board of Directors may be filled by the affirmative vote of a majority of the remaining Directors though less than a quorum of the Board of Directors. A Director elected to fill a vacancy shall be elected for the unexpired term of the predecessor in office.

SECTION 9 *COMPENSATION*
By resolution of the Board of Directors, the Directors may be paid their expenses, if any, for attendance at each meeting of the Board of Directors, and may be paid a fixed sum for attendance at each meeting of the Board of Directors. No such payment shall preclude any

director from serving the corporation in any other capacity and receiving compensation therefore.

SECTION 10 *PRESUMPTION OF ASSENT*
A Director of the corporation who is present at a meeting of the Board of Directors, at which action on any corporate matter is shall be presumed to assent to the action taken unless the Director's dissent shall be entered in the minutes, of the meeting or unless the Director shall file a written dissent to such action with the person acting as the Secretary of the meeting before the adjournment thereof, or shall forward such dissent by registered mail to the Secretary of the corporation immediately after the adjournment of the meeting. Such right to dissent shall not apply to a Director who voted in favor of such action.

SECTION 11 *EXECUTIVE COMMITTEE*
The Board of Directors, by resolution adopted by the majority of the Directors fixed by the by-laws, may designate a committee of not less than two Directors which committee,  in absence of a resolution of the Board of Directors limiting or restricting its authority shall have and may exercise all of the authority of the Board of Directors in the management of all business and affairs of the corporation, except the Executive Committee may not fill vacancies in the Board of Directors or amend these by-laws. The Board of Directors may at any time remove any member of the Executive Committee with or without cause and may terminate or  in any way in its sole discretion limit or restrict the authority of the Executive Committee. The Committee shall keep a record of its proceedings and report such proceedings to the Board of Directors.

# ARTICLE IV  *OFFICERS*

SECTION 1 *NUMBER*
The officers of the corporation shall be a President, one or more Vice Presidents (the number thereof, if any, to be determined by the Board of Directors), a Secretary, and a Treasurer, each of who shall be elected by the Board of Directors. Any two or more officers may be held by the same person, except the offices of President and Secretary.

SECTION 2 *ELECTION AND TERM OF OFFICE*
The officers of the corporation to be elected by the Board of Directors shall be elected annually by the Board of Directors at the first meeting of the Board of Directors held after each annual meeting of the shareholders. If the election of officers shall not be held at such meeting, such election shall be held as soon thereafter as conveniently may be. Each officer shall hold office until a successor shall have been duly elected and shall have qualified or until the Officer's death or until the Officer shall resign or shall have been removed in the manner hereinafter provided.

SECTION 3 *REMOVAL*
Any officer or agent elected or appointed by the Board of Directors may be removed by the Board of Directors, whenever in its judgment the best interests of the corporation would be served thereby, but such removal shall be without prejudice to the contract rights, if any, of the person so removed. Election or appointment of an officer or agent shall not of itself create contract rights.

SECTION 4 *VACANCIES*

A vacancy in any office because of death, resignation, removal, disqualification or otherwise, may be filled by the Board of Directors for the unexpired portion of the term.

SECTION 5 *PRESIDENT*

The President shall be the principal executive officer of the corporation and, subject to the control of the Board of Directors, shall in general supervise and control all of the business and affairs of the corporation. The President shall, when present, preside at all meetings of the shareholders and of the Board of Directors. The President may sign, with the Secretary or any other proper officer of the corporation thereunto authorized by the Board of Directors, certificates for shares of the corporation, and in general shall perform all duties incident to the office of President and such other duties as may be prescribed by the Board of Directors from time to time.

SECTION 6 *THE VICE PRESIDENT*

In the absence of the President or in the event of the President's death, inability or refusal to act, the Vice President (or in the event there be more than one Vice President, the Vice Presidents in the order designated at the time of their election, or in the absence of any designation, then in the order of their election) shall perform the duties of the President, and when so acting shall have all the powers of and be subject to all the restrictions upon the President. Any Vice President may sign, with the Secretary or an Assistant Secretary, certificates for shares of the corporation; and shall perform such other duties as from time to time may be assigned to the Vice President by the President or by the Board of Directors.

SECTION 7 *THE SECRETARY*

The Secretary shall: (a) keep the minutes of the shareholders' and of the Board of Directors' meetings in one or more books provided for the purpose; (b) see that all notices are duly given in accordance with the provisions of these by-laws or as required by law; (c) be custodian of the corporate records and of the seal of the corporation and see that the seal of which on behalf of the corporation under its seal is duly authorized; (d) keep a register of the post office address of each shareholder which shall be furnished to the Secretary by such shareholder; (e) sign with the President, or a Vice President, certificates for shares of the corporation, the issuance of which shall have been authorized by resolution of the Board of Directors; (f) have general charge of the stock transfer books of the corporation; and (g) in general perform all duties incident to the office of Secretary and such other duties as from time to time may be assigned to the Secretary by the President or by the Board of Directors.

SECTION 8 *THE TREASURER*

The Treasurer shall (a) have charge and custody of and be responsible for all funds and securities of the corporation; (b) receive and give receipts for moneys due and payable to the corporation from any source whatsoever, and deposit all such moneys in the name of the corporation in such banks, trust companies or other depositaries as shall be selected in accordance with the provisions of Article V of these by-laws; and (c) in general perform all of the duties incident to the office of the Treasurer and such other duties as from time to time may be assigned to the Treasurer by the President or by the Board of Directors.

SECTION 9 *SALARIES*
The salaries of the officers shall be fixed from time to time by the Board of Directors and no officer shall be prevented from receiving such salary by reason of the fact that the officer is also a Director of the corporation.

## ARTICLE V *CONTRACTS, LOANS, CHECKS, AND DEPOSITS*

SECTION 1 *CONTRACTS*
The Board of Directors may authorize any officer or officers, agent or agents, to enter into any contract, to execute and deliver any instrument in the name of and on behalf of the corporation, and such authority may be general or confined to specific instances.

SECTION 2 *LOANS*
No loans shall be contracted on behalf of the corporation and no evidences of indebtedness shall be issued in its name unless authorized by a resolution of the Board of Directors. Such authority may be general or confined to specific instances.

SECTION 3 *CHECKS, DRAFTS, ETC.*
All checks, drafts, or other orders for the payment of money, notes or other evidences of indebtedness issued in the name of the corporation shall be signed by such officer or officers, agent or agents, of the corporation and in such manner as shall from time to time be determined by resolution of the Board of Directors.

SECTION 4 *DEPOSITS*
All funds of the corporation not otherwise employed shall be deposited from time to time to the credit of the corporation in such banks, trust companies or other depositaries as the Board of Directors may select.

## ARTICLE VI *CERTIFICATES FOR SHARES AND THEIR TRANSFER*

SECTION 1 *CERTIFICATES FOR SHARES*
Certificates representing shares of the corporation shall be in such form as shall be determined by the Board of Directors. Such certificates shall be signed by the President or a Vice President and by the Secretary or an Assistant Secretary. All certificates for shares shall be consecutively numbered or otherwise identified. The name and address of the person to whom the shares represented thereby are issued, with the number of shares and date of issue, shall be entered on the stock transfer books of the corporation. All certificates surrendered to the corporation for transfer shall be canceled and no certificates shall be issued until the former certificate for a like number of shares shall have been surrendered and canceled, except that in case of a lost, destroyed or mutilated certificate, a new one may be issued therefore upon such terms and indemnity to the corporation as the Board of Directors may prescribe.

SECTION 2 *TRANSFER OF SHARES*
Transfer of shares of the corporation shall be made only on the stock transfer books of the corporation by the holder of record thereof or by a legal representative, who shall furnish

proper evidence of authority to transfer, or by an attorney thereunto authorized by power of attorney duly executed and filed with the Secretary of the corporation, and on surrender for cancellation of the certificate for such shares. The person in whose name shares stand on the books of the corporation shall be deemed by the corporation to be the owner thereof for all purposes.

### ARTICLE VII *FISCAL YEAR*

The fiscal year of the corporation shall begin on the first day of January and end on the 31st day of December.

### ARTICLE VIII *DIVIDENDS*

The Board of Directors may from time to time declare, and the corporation may pay, dividends on its outstanding shares in the manner and upon the terms and conditions provided by law.

### ARTICLE IX *SEAL*

The Board of Directors shall provide a corporate seal which shall be circular in form and shall have inscribed thereon the name of the corporation and conditions provided by law.

### ARTICLE X *WAIVER OF NOTICE*

Whenever any notice is required to be given to any shareholder or director of the corporation under the provisions of these by-laws or under the provisions of the articles of incorporation or under the provisions of the «Corporate_Name» Corporation, a waiver thereof in writing, signed by the person or persons entitled to such notice, whether before or after the time stated therein, shall be deemed equivalent to the giving of such notice.

### ARTICLE XI *AMENDMENTS*

These by-laws may be altered, amended or repealed and new by-laws may be adopted by unanimous vote of the Board of Directors at any regular of special meeting of the Board of Directors, or by affirmative vote of two-thirds of the outstanding shares.

The foregoing initial by-laws of the corporation were adopted by the Board of Directors on this Oct 12, 2021.


*Alege Andy*
_____

Andy Alege, Director